UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LYNN WATERS,<br><br>Petitioner,<br><br>v.<br><br>W. SULLIVAN, Warden,<br><br>Respondent. | Case No. CV 19-7454 RGK (PVC)<br><br>**ORDER OF DISMISSAL** |

**I.**

**INTRODUCTION**

On September 26, 2019, Petitioner Michael Lynn Waters, a California state prisoner proceeding *pro se*, filed a document captioned "Petition for Writ of Mandate," ("Petition," Dkt. No. 2), which the Court construes as a habeas petition under 28 U.S.C. § 2254. ("Order," Dkt. No. 10). Although the Petition is nearly unintelligible, Petitioner appears to be challenging the denial of his habeas petition in the California Supreme Court on August 14, 2019 on the grounds that the petition was untimely, successive, and repetitive, (Petition at 2, 7), and, potentially, that state court's concurrent denial of a petition for writ of mandate against the California Court of Appeal that concerned a dispute about the proper venue for filing his "future writs and requests" in the Los

Angeles County Superior Court. (*Id.* at 3, 8-10).[1] No matter how the Petition's claims are understood, the Court lacks jurisdiction to hear them. Accordingly, for the reasons stated below, the Petition is DENIED without prejudice.

## II.

## PROCEDURAL BACKGROUND

On September 29, 1998, a jury in the Los Angeles County Superior Court convicted Petitioner of one count of attempted murder, and also found true the special allegations that Petitioner personally used a firearm and personally inflicted great bodily injury in the commission of the offense. (*See Michael L. Waters v. Veal, Warden*, CV 03-9423 FMC (AN), Report and Recommendation, Dkt. No. 13 at 1-2). Petitioner was sentenced to an indeterminate term of life with the possibility of parole, plus an additional thirteen years pursuant to the enhancements. (*Id.* at 2). The California Court of Appeal ordered that the abstract of judgment be corrected to reflect the proper restitution fine and sentence and affirmed the judgment. (*Id.*). Petitioner did not file a petition for review with the California Supreme Court on direct review. (*Id.*). However, he has since pursued collateral relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court in many filings too numerous to address here. (*See Michael Lynn Waters v. State of California*, CV 16-1593 RGK (AS), Report and Recommendation, Dkt. No. 24 at 3-11).

Petitioner has filed at least six habeas petitions and one petition for writ of mandate in this Court challenging his 1998 conviction and sentence. The Court summarily dismissed his first habeas petition without prejudice as completely unexhausted. (*See*

---

[1] Citations to the Petition follow the page numbers assigned by the Court's CM/ECF electronic docketing system.

2

1  *Michael Lynn Waters v. Veal, Warden*, CV 03-3853 FMC (AN) ("Prior Petition I"),
2  Memorandum and Order, Dkt. No. 4 at 2-3; Judgment, Dkt. No. 5).

4      The Court dismissed Petitioner's second habeas petition with prejudice as
5  untimely. (*See Michael L. Waters v. Veal, Warden*, CV 03-9423 FMC (AN) ("Prior
6  Petition II"), Report and Recommendation, Dkt. No. 13 at 4-7; Order Accepting, Dkt. No.
7  16; Judgment, Dkt. No. 17). Petitioner appealed the adverse judgment to the Ninth
8  Circuit, which denied a certificate of appealability. (*Id.*, Mandate, Dkt. No. 23).

10     Petitioner's third habeas petition was summarily denied without prejudice as
11 successive. (*See Michael Lynn Waters v. Kirkland, Warden*, CV 06-6809 FMC (AN)
12 ("Prior Petition III"), Memorandum and Order, Dkt. No. 3 at 2-3; Judgment, Dkt. No. 4).
13 The Court noted in its Order that prior to filing Prior Petition III, Petitioner had sought
14 permission from the Ninth Circuit to file a second or successive petition, but was denied,
15 which did not deter him from filing Prior Petition III. (*Id.*, Dkt. No. 3 at 2) (citing
16 *Michael Lynn Waters v. Francisco Jacquez*, 9th Cir. Case No. 06-71734 (Order filed May
17 30, 2006)).

19     After the district court dismissed Prior Petition III, Petitioner filed another
20 application in the Ninth Circuit for authorization to file a second or successive Petition,
21 but was once again denied. (*See* Prior Petition III, Order, Dkt. No. 5). Despite the denial
22 of his application by the Ninth Circuit, Petitioner filed his fourth habeas petition in this
23 court approximately two months later, which was once again summarily denied without
24 prejudice as successive. (*See Michael Lynn Waters v. Bob Harel, Warden*, CV 07-2952
25 FMC (AN) ("Prior Petition IV"), Memorandum and Order, Dkt. No. 3 at 3-4; Judgment,
26 Dkt. No. 4). Petitioner appealed the judgment to the Ninth Circuit, which once again
27 denied a certificate of appealability. (*Id.*, Order, Dkt. No. 13).
28

Case 2:19-cv-07454-RGK-PVC   Document 13   Filed 04/14/20   Page 4 of 7   Page ID #:96

| | |
|---|---|
| 1 | Petitioner's next filing in this Court was a petition for writ of mandate. (*Michael Lynn Waters v. State Supreme Court of California, et al.*, CV 15-9705 RGK (AS)).  The Court denied Petitioner's request to proceed *in forma pauperis* on the grounds that (1) the petition was "legally and/or factually patently frivolous" and (2) the Court lacked jurisdiction to provide the relief sought by the petition, *i.e.*, an order compelling the State of California to produce an original signed copy of his underlying felony complaint. (*Id.*, Order, Dkt. No. 6 at 1). |

The Court denied Petitioner's fifth habeas petition with prejudice on the ground that the petition was grossly untimely. (*Michael Lynn Waters v. State of California*, CV 16-1593 RGK (AS) ("Prior Petition V"), Report and Recommendation, Dkt. No. 24 at 13-17; Order Accepting, Dkt. No. 27; Judgment, Dkt. No. 28).  Petitioner's sixth habeas petition was summarily denied without prejudice as successive. (*Michael Lynn Waters v. Sullivan, Warden*, CV 17-9282 RGK (AS) ("Prior Petition VI"), Order of Dismissal, Dkt. No. 6 at 4-5).  The Ninth Circuit denied Petitioner's request for a certificate of appealability. (*Id.*, Order, Dkt. No. 10).

The instant Petition followed on September 26, 2019.  While nearly indecipherable, the Petition attaches two orders by the California Supreme Court that were issued concurrently on August 14, 2019, and appears to be challenging them both. (Petition at 7-8).  The first order denies Petitioner's state habeas petition as untimely, successive and repetitive.[2] (*Id.* at 7).  The second order is a silent denial of a petition for writ of mandate naming the California Court of Appeal as the respondent.  In addition to the California Supreme Court's order, the Petition also attaches an order by the California Court of Appeal denying Petitioner's petition for writ of mandate in which he appears to have complained that the Los Angeles County Superior Court rejected his attempt to file an

---

[2] The Petition also attaches, without explanation, a copy of an order by the Los Angeles County Superior Court dated August 14, 2003 denying two habeas petitions filed in 2001 and 2002. (Petition at 16-17).

4

action in the superior court in Long Beach.  (*Id.* at 8).  Petitioner complains elsewhere in the Petition that he was told by the superior court to "redirect [his] future writs and requests to the (appropriate) court, this [sic] in your case is:  Compton Courthouse."  (*Id.* at 3).

### III.
### DISCUSSION

By its attachments, the Petition appears, at least in part, to challenge the California Supreme Court's denial of Petitioner's habeas petition on procedural grounds.  (Petition at 1, 7).  Accordingly, the Court construes the Petition as a habeas petition under 28 U.S.C. § 2254.

So construed, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).  AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *accord Burton*, 549 U.S. at 152-53.

"If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim

1  must be dismissed unless it falls within one of two narrow exceptions."[3]  *Tyler v. Cain*,
2  533 U.S. 656, 661 (2001).  However, "[e]ven if a petitioner can demonstrate that he
3  qualifies for one of these exceptions, he must [still] seek authorization from the court of
4  appeals before filing his new petition with the district court."  *Woods v. Carey*, 525 F.3d
5  886, 888 (9th Cir. 2008).

7  The Petition is successive because Petitioner challenged his 1998 conviction in *six*
8  prior federal habeas petitions, five of which were denied as untimely or successive.[4]  *See*
9  *Burton*, 549 U.S. at 153.  Petitioner must therefore obtain permission from the Ninth
10 Circuit Court of Appeals before the instant Petition may proceed.  The Court's docket
11 does not indicate that Petitioner has requested or received permission from the Ninth
12 Circuit to file a successive petition.  Therefore, the Petition must be dismissed without
13 prejudice to refiling after Petitioner obtains the necessary authorization.  *See Burton*, 549
14 U.S. at 153 ("In short, [the petitioner] twice brought claims contesting the same custody
15 imposed by the same judgment of a state court.  As a result, under AEDPA, he was
16 required to receive authorization from the Court of Appeals before filing his second
17 challenge.  Because he did not do so, the District Court was without jurisdiction to
18 entertain it."); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (failure to seek
19 appellate authorization for successive petition acts as a jurisdictional bar).

21 Even if the Court were to construe the instant Petition as somehow challenging the
22 directive of the Los Angeles County Superior Court regarding the proper venue for
23 Petitioner's "future writs and requests," the Petition would still fail.  This Court lacks

---

[3] "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  The other is for certain claims relying on new rules of constitutional law."  *Tyler*, 533 U.S. at 661 (citations omitted).  Neither of these exceptions appears to apply here.

[4] Prior Petition I was denied without prejudice for failure to exhaust and does not count against Petitioner for purposes of determining whether the instant Petition is second or successive.

jurisdiction to order the relief requested. *See Demos v. United States Dist. Ct. for the Eastern Dist. of Washington*, 925 F.2d 1160-1161-62 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court."); *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.").

## IV.
## ORDER

For the foregoing reasons, the Petition is DENIED without prejudice for lack of jurisdiction. Petitioner is cautioned that any future frivolous filings that ignore this Court's prior Orders may result in the imposition of sanctions, including a vexatious litigant declaration requiring Petitioner to obtain permission from the Court before any subsequent habeas action or petition for writ of mandate challenging his September 29, 1998 conviction and sentence will be accepted for filing.

DATED: April 14, 2020

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE